[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15310
Non-Argument Calendar

_____

Agency No. A087-365-614

JUAN MAURICIO SANCHEZ TORO,
ALBA DORIS CALLE GARCIA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 2, 2013)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Juan Mauricio Sanchez Toro and Alba Doris Calle Garcia (collectively the "Petitioners"), natives and citizens of Colombia, S.A., entered the United States on December 21, 1994, without being admitted or paroled after inspection by an immigration officer.  On December 2, 2008, the Department of Homeland Security issued a notice to appear charging Petitioners with removability pursuant to Immigration and Naturalization Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § (a)(6)(a)(i), as aliens present in the United States without being admitted or paroled.  Petitioners applied for asylum, withholding of removal, and relief under the U. N. Convention Against Torture.

At a master calendar hearing, Petitioners appeared with counsel, conceded removability and withdrew their application for asylum and other relief.  Instead, they filed applications for cancellation of removal, indicating that their removal would result in exceptional hardship to their two children (daughters), both U. S. citizens.[1]  On April 5, 2010, an Immigration Judge ("IJ") heard their application at

---

[1] INA § 240A(b)(1), 8 U.S.C. § 1229b, **Cancellation of removal; adjustment of status**, states, in relevant part:

(b) Cancellation of removal and adjustment of status for certain nonpermanent residents

(1) In general

The Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien--

2

an evidentiary hearing at which Petitioners were represented by the same attorney and testified.  At the conclusion of the hearing, the IJ denied Petitioner's application.

Petitioners, still represented by the attorney, appealed the IJ's decision to the Board of Immigration Appeals ("BIA").  It dismissed the appeal and denied Petitioner's motion to remand on April 3, 2012.  On June 28, 2012, Petitioner, represented by new counsel, moved the BIA to reopen, claiming ineffective assistance of their prior attorney because he failed to timely submit medical evidence regarding their two daughters.  The BIA, finding no prejudice in the attorney's representation because the newly submitted evidence was insufficient to establish the requisite level of hardship necessary for cancellation of removal, denied the motion to reopen on September 24, 2012.

---

**(A)** has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;

**(B)** has been a person of good moral character during such period;

**(C)** has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title, subject to paragraph (5); and

**(D)** establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

3

Petitioners now petition this court for review, arguing that the BIA abused its discretion in denying their motion to reopen because they established that they were prejudiced by their prior attorney's failure to submit medical evidence related to their daughter Karyn's medical condition at their cancellation of removal hearing. Petitioners also argue that they were deprived of due process by counsel's ineffective assistance because they have a liberty interest in their daughter's health and well-being.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1145 (11th Cir. 1999). Judicial review is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary and capricious." *Garcia-Mir v. Smith*, 766 F.2d 1478, 1490 (11th Cir. 1985).

Where represented by counsel, aliens are entitled to effective assistance of counsel under the Fifth Amendment's Due Process Clause. *See Mejia Rodriguez*, 178 F.3d at 1146. "[A]n alien must establish that his or her counsel's performance was deficient to the point that it impinged the 'fundamental fairness' of the hearing." *Id.* However, "an attorney's deficient representation does not deprive an alien of due process if the deficient representation merely prevents the alien from being eligible for suspension of deportation," because the alien's chances of

4

receiving discretionary relief are too speculative. *Id.* at 1148. The same rationale applies in precluding relief in applications for cancellation of removal. *Mohammed v. Ashcroft*, 261 F.3d 1244, 1250-51 (11th Cir. 2001).

An alien can move to reopen his removal order on the basis of ineffective assistance of counsel. *See Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1273-74 (11th Cir. 2005). In order to establish ineffective assistance of counsel, an alien must establish that he was prejudiced as a result of counsel's alleged deficient performance. *Id*. at 1274. To establish prejudice, the petitioner must show that "the performance of counsel [was] so inadequate that there is a reasonable probability that but for the attorney's error, the outcome of the proceedings would have been different." *Id.*

We conclude that the BIA did not abuse its discretion in denying the Petitioners' motion to reopen. The Petitioners cannot show that their due process rights were violated by their attorney's alleged ineffectiveness because they were applying for cancellation of removal.[2] *See Mohammed*, 261 F.3d at 1250-51; *see also Mejia Rodriguez*, 178 F.3d at 1148.

---

[2] Under INA § 240A(b)(1), 8 U.S.C. § 1229(b)(1), the Attorney General *may* cancel the removal of a non-permanent resident who meets certain requirements, including establishing that removal would cause "exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." INA § 240A(b)(1)(D), 8 U.S.C. § 1229b(b)(1)(D) (emphasis added).

Even if they had a constitutional right to discretionary relief from removal, the Petitioners cannot show that they were prejudiced by prior counsel's failure to timely submit the medical records to the Immigration Judge ("IJ"). At their original hearing, the IJ denied the Petitioners' applications for cancellation of removal based on the Petitioners' failure to establish the requisite "exceptional and extremely unusual" hardship, because there was nothing in the record to suggest that their daughter had a serious medical condition that could not be treated in Colombia. The Petitioners appealed this decision to the BIA and attached medical evidence. The BIA, in turn, dismissed their appeal after determining that the medical evidence, even if it had been timely submitted to the IJ, would not have changed the outcome of the case.

In denying the motion to reopen, the BIA noted that it had previously considered the medical evidence and determined that it did not change the outcome of the case. Additionally, while the Petitioners quoted various medical articles in their motion to reopen that provided general information about their daughter's medical condition and asserted that a medical expert should have been obtained to explain the medical records, the Petitioners have not identified any specific evidence that would have changed the BIA's earlier conclusion that they were ineligible for cancellation of removal. Accordingly, the BIA did not abuse its

6

discretion in denying the Petitioners' motion to reopen based on ineffective assistance of counsel.

PETITION DENIED.